WILLIAM R. TAMAYO, SBN 084965 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
DERA A. SMITH, SBN 147863 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phillip Burton Federal Building
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone: (415) 522-3034
Facsimile: (415) 522-3425
E-mail:  debra.smith@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>        vs.<br><br>CHILDREN'S HOSPITAL AND RESEARCH CENTER,<br><br>            Defendant. | Case No.:  CV 13-5715<br><br>**COMPLAINT**<br><br>**Civil Rights - Employment Discrimination**<br><br>**DEMAND FOR JURY TRIAL** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, to correct unlawful employment practices on the basis of disability (breast cancer) and to provide appropriate relief to Charging Party, Imelda Tamayo, who was adversely affected by such practices. Defendant Children's Hospital and Research Center ("Defendant") discriminated against Ms. Tamayo, a qualified individual with a disability, by failing to provide her with a reasonable accommodation and discharging her because of her disability and the extended treatment it required.

## JURISDICTION AND VENUE

1.      Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with

1    Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), as amended by the ADA Amendments Act

2    of 2008, which incorporates by reference section 706(f)(1) and (3) of Title VII of the Civil Rights

3    Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the

4    Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5         2.    The employment practices alleged to be unlawful were and are now being committed

6    within the State of California, County of Alameda and City of Oakland, thus venue is proper "in any

7    judicial district in the State in which the unlawful employment practice is alleged to have been

8    committed." (Section 706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3)).  Venue is therefore proper

9    in the United States District Court for the Northern District of California.

10                          **INTRA-DISTRICT ASSIGNMENT**

11        3.    This action is appropriate for assignment to the Oakland Division of the Northern

12   District of California because the adverse actions alleged herein took place in Oakland, California

13   and because Defendant, its records and witnesses are  located in Oakland, California.

14                                **PARTIES**

15        4.    Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"),

16   is the agency of the United States of America charged with the administration, interpretation and

17   enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a)

18   of the ADA, 42 U.S.C. § 12117(a), as amended, which incorporates by reference sections 706(f)(1)

19   and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), as amended.

20        5.    At all relevant times, Defendant has continuously done business as Children's

21   Hospital and Research Center, a California non-profit regional medical center, doing business in the

22   State of California, in the County of Alameda, and has continuously had at least fifteen (15)

23   employees.

24        6.    At all relevant times, Defendant has continuously been an employer engaged in an

25   industry affecting commerce under section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section

26   101(7) of the ADA, 42 U.S.C. § 12111(7), as amended, which incorporates by reference Section

27   701(g) and (h) of Title VII, 42 U.S.C. §§  2000e(g) and (h).

28        7.    At all relevant times, the Defendant has been a covered entity under Section 101(2) of

COMPLAINT & JURY DEMAND                          2

1   the ADA, 42 U.S.C. § 12111(2), as amended.

2                           **STATEMENT OF CLAIMS**

3       8.      More than thirty days prior to the institution of this lawsuit, Charging Party Tamayo

4   filed a charge with the Commission, alleging violations by Defendant of Title I of the ADA, as

5   amended.  The Commission has issued a Letter of Determination finding reasonable cause to believe

6   that Defendant discriminated against Ms. Tamayo because of her disability and therefore violated the

7   ADA.    Prior to instituting this lawsuit, the Commission attempted to eliminate the unlawful

8   employment practices alleged herein and to effect voluntary compliance with the ADA through

9   informal methods of conciliation, conference and persuasion within the meaning of Section 706(b)

10  of Title VII, 42 U.S.C. §§2000e- (b) and 2000e-6.  All conditions precedent to the institution of this

11  lawsuit have been fulfilled.

12      9.      Since at least July of 2011, Defendant has engaged in unlawful employment practices

13  at its facility in Oakland, California in violation of Section 102(a) of Title I of the ADA, 42 U.S.C.

14  §12112(a), as amended, by, *inter alia*, failing to provide a reasonable accommodation to Ms.

15  Tamayo and subsequently discharging her because of her disability.  Ms. Tamayo had breast cancer

16  which substantially limited her in the major life activity of cell reproduction.  During her treatment

17  and recovery period, she could not perform the daily tasks of caring for herself because she was

18  weakened from her impairment and its treatment.  She is currently in remission.

19      10.     Defendant hired Ms. Tamayo as an Office Associate in its Endocrinology Department

20  in or around March 2009.  At the time Ms. Tamayo was diagnosed with breast cancer in December

21  2011, she had been performing her duties satisfactorily.  Ms. Tamayo's disability required her to

22  seek a two month medical leave of absence in or around January 2012.  Ms. Tamayo sought to

23  extend her medical leave three times to undergo treatment for her disability, including a double

24  mastectomy,  reconstruction surgery for each breast and the removal of her fallopian tubes, ovaries

25  and uterus.  On or about July 10, 2012, when Ms. Tamayo was in her sixth month of medical leave,

26  Defendant rejected Ms. Tamayo's doctor's medical certification, which stated that Ms. Tamayo was

27  still recuperating from surgery but could return to work without restrictions on September 1, 2012.

28  Defendant denied Ms. Tamayo any further medical leave and fired her based on its belief that she

1   would not be able to return to work on September 1, 2012 and that Ms. Tamayo's continued absence

2   would cause it undue business hardship.   Defendant did not explore any alternative accommodations

3   with Ms. Tamayo, such as reassigning her to several vacant Office Associate positions elsewhere in

4   the hospital, for which it advertised in August and filled sometime in the fall of 2012.

5        11.    The effect of the actions complained of in Paragraphs 9 and 10 above has been to

6   deprive Ms. Tamayo of equal employment opportunities and otherwise adversely affect her status as

7   an employee because of her disability.

8        12.    The unlawful employment practices complained of in Paragraphs 9 and 10 above

9   were intentional.

10       13.    The unlawful employment practices complained of in Paragraphs 9 and 10 above

11  were done with malice or reckless indifference to Ms. Tamayo's federally protected rights.

12                              **PRAYER FOR RELIEF**

13       Wherefore, the Commission respectfully requests that this Court:

14       A.    Grant a permanent injunction enjoining Defendant, its officers, agents, employees,

15  attorneys, successors, assigns, and all persons acting in concert or participation with Defendant, from

16  terminating the employment of an employee because of a disability, failing to reinstate or provide a

17  reasonable accommodation to an employee because of a disability, and engaging in any other

18  employment practice which discriminates against an employee on the basis of disability.

19       B.    Order Defendant to institute and carry out policies, practices, and programs which

20  prohibit discrimination and eradicate the effects of their unlawful past and present employment

21  practices.

22       C.    Order Defendant to make whole Charging Party Imelda Tamayo by providing

23  appropriate back pay and benefits with prejudgment interest in amounts to be determined at trial, and

24  other affirmative relief necessary to eradicate the effects of its unlawful employment practices,

25  including but not limited to reinstatement and/or front pay.

26       D.    Order Defendant to make whole Ms. Tamayo by providing compensation for past and

27  future pecuniary losses resulting from the unlawful employment practices complained of above,

28  including but not limited to out-of-pocket expenses necessitated by Defendant's unlawful conduct, in

1    amounts to be determined at trial.

2        E.    Order Defendant to make whole Ms. Tamayo by providing compensation for past and

3    future non-pecuniary losses resulting from the unlawful practices complained of above including,

4    but not limited to emotional pain and suffering, inconvenience, loss of enjoyment of life and

5    humiliation, in amounts to be determined at trial.

6        F.    Order Defendant to pay Ms. Tamayo punitive damages for its malicious or reckless

7    conduct described above, in an amount to be determined at trial.

8        G.    Grant such further relief as the Court may deem just and proper in the public interest.

9        H.    Award the Commission its costs in this action.

10                         **<u>DEMAND FOR JURY TRIAL</u>**

11        The Commission requests a jury trial on all questions of fact raised by its Complaint.

12                                    P. DAVID LOPEZ
                                      General Counsel
13

14                                    JAMES LEE
                                      Deputy General Counsel
15
                                      GWENDOLYN YOUNG REAMS
16                                    Associate General Counsel

17

18   Date:  December 11, 2013      By:  _/s/  William R. Tamayo_____
                                        WILLIAM R. TAMAYO
19                                      Regional Attorney

20   Date:  December 11, 2013      By:  _/s/  Marcia Mitchell_____
                                        MARCIA MITCHELL
21                                      Supervisory Trial Attorney

22

23   Date:  December 11, 2013      By:  _/s/  Debra A. Smith_____
                                        DEBRA A. SMITH
24                                      Senior Trial Attorney

25                                    *Attorneys for Plaintiff*
                                      U.S. Equal Employment Opportunity Commission
26                                    Phillip Burton Federal Building
                                      450 Golden Gate Ave., 5th Floor West
27                                    P.O. Box 36025
                                      San Francisco, CA 94102

28

COMPLAINT & JURY DEMAND                    5