WILLIAM R. TAMAYO, SBN 084965 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
DEBRA A. SMITH, SBN 147863(CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phillip Burton Federal Building
San Francisco District Office
450 Golden Gate Ave, 5th Fl. West
San Francisco, CA  94102
Telephone No. (415) 522-3034
Fax No. (415) 522-3425
Debra.Smith@eeoc.gov

*Attorneys for Plaintiff EEOC*

SARAH E. ROBERTSON #142439
MARK A. DELGADO #215618
DONAHUE FITZGERALD LLP
1999 Harrison Street, 25th Floor
Oakland, California  94612
Telephone: (510) 451-3300
Facsimile: (510) 451-1527
Email: srobertson@donahue.com
          mdelgado@donahue.com

*Attorneys for Defendant*
*CHILDREN'S HOSPITAL & RESEARCH CENTER OAKLAND*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>             Plaintiff,<br><br>     vs.<br><br>CHILDREN'S HOSPITAL AND RESEARCH CENTER,<br><br>             Defendant. | Case No.:  CV 13-05715  EMC<br><br>**CONSENT DECREE** |

## **INTRODUCTION**

On December 11, 2013 Plaintiff United States Equal Employment Opportunity Commission (EEOC) filed this action pursuant to the Americans with Disabilities Act of 1990 as amended (ADA)

1  and Title I of the Civil Rights Act of 1991. Plaintiff alleged that Defendant, Children's Hospital and
2  Research Center (Children's Hospital), failed to provide reasonable accommodation – extended
3  medical leave-- for Imelda Tamayo and discharged her because of the extended medical leave
4  required to treat her disability.

   In order to avoid the additional expense, delay, and uncertainty that would result from further
   litigation of this lawsuit, the parties agree to the entry of this Consent Decree. By its agreement to
   the entry of this Consent Decree, Defendant does not admit to the allegations made in the Complaint.

   The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record
   herein, and the applicable law, and now approves this Consent Decree in its entirety.

   Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

**I. GENERAL PROVISIONS**

   A. This Court has jurisdiction over the subject matter and the parties to this action.

   B. This Consent Decree constitutes a full resolution of this case, EEOC v. CHILDREN'S HOSPITAL AND RESEARCH CENTER, Case CV 13-05715 EMC, U.S. District Court, Northern District of California, and all allegations made in Plaintiff EEOC's complaint.

   C. This Consent Decree shall become effective upon its entry by the Court.

   D. Each party shall bear its own costs and attorneys' fees.

**II. GENERAL INJUNCTIVE PROVISIONS AGAINST DISABILITY DISCRIMINATION AND RETALIATION**

   A. Defendant and its officers, agents, employees, successors, assigns, and all persons in active concert or participation with it, are enjoined from: (a) unlawfully discriminating against any employee due to his or her disability; or (b) retaliating against any employee because he or she: (i) opposes or opposed any discriminatory act or practices made unlawful by the ADA; (ii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of discrimination; or (iii) assists, assisted, testified, participates or participated in an investigation (including without limitation any internal investigation undertaken by Defendant) or proceeding brought under the Federal laws prohibiting discrimination or retaliation. Consistent with 42 U.S.C. §12203(b), Defendant shall not coerce, intimidate, threaten, or interfere with any individual in the exercise of enjoyment of, or on account of his or her having exercised or enjoyed, or on account of

his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the ADA.

B. Defendant shall make reasonable accommodations for disabled employees as required by law, including providing medical leave up to and beyond sixty (60) days for employees whose medical providers have determined that their disability or disabling condition requires the requested additional leave to recover. Upon request, Defendant shall provide such extended leave through the date on the disabled employee's medical certification unless Defendant can demonstrate, by the factors set forth in 29 C.F.R. §1630.2(p), that covering the disabled employee's position and job duties constitutes undue hardship, as defined by 42 U.S.C. §12112.

## III. SPECIFIC INJUNCTIVE RELIEF

### A. Revising EEO Policies

Defendant shall revise its personnel policies, as necessary, to include the following:

1. Policy E05: ADA AND FEHA COMPLIANCE

a. Policy E05, section III.C. will be revised to state: "Individual accommodations may include revised procedures, personal assistance, adapted workplaces and devices, an extended leave of absence, and job restructuring which permits the individual to perform the essential functions of the job."

b. Policy E05, section III.D.4.a. will be revised to add the following sentence: "When Children's determines, after an interactive process that there are no reasonable accommodations that would enable the employee to return to his or her current position, the HR Generalist-ADA/LOA will determine whether the employee can be accommodated through reassignment, by informing the employee about the possibility of reassignment and for those employees interested in reassignment, determining whether the employee can be placed in an alternative position without imposing an undue hardship."

c. Policy E05, section IV.A., will be revised to add subsection 1, as follows: "1. An employee who needs a leave of absence shall notify his or her manager and/or Human Resources, who will inform the employee as to how to contact Matrix (the outside company that handles administration of leaves of absence). Generally speaking, approval of requests for

1  continuous leaves of absence of shorter than six months for non-industrial injury/illness or one year
2  for industrial injury/illness will be done by Matrix and need not be the subject of the interactive
3  process. If a leave of absence extends beyond six months for non-industrial injury/illness or one
4  year for industrial injury/illness, the employee may request additional time off as a reasonable
5  accommodation. To request an accommodation, employees should contact the HR Generalist-
6  ADA/LOA in the Human Resources Department." The existing language in Policy E05, section IV.
7  A. will now be subsection 2. of that same section.

     d. Policy E05, section IV.E. will be revised to add the following sentence: "If there is a question as to whether the necessary accommodation creates an undue hardship, the determination is made by the Senior Director of Human Resources and the Vice President of Professional Support Services, in writing, including the reasons supporting their decision before the interactive process is completed so that the employee is able to consider and/or propose less burdensome alternative accommodations."

     e. Policy E05, section IV.H., second sentence, will be revised to state: "The Manager will remain responsible for checking with the employee within three (3) months of the accommodation being implemented and at least every six (6) months thereafter or sooner, depending on the nature of the accommodation, to ensure that the accommodations are and/or remain effective and notify the HR Generalist-ADA/LOA of his/her determination."

     f. Policy E05, section IV.J., will be revised to state: "Complaints must normally be submitted to HR within thirty (30) days of the date the person filing the complaint did or should have become aware of the alleged discriminatory action to ensure that Children's can take corrective action, if necessary, as soon as possible. However, a Complaint submitted beyond the thirty (30) day period will be investigated by HR."

     g. Policy E05, section IV.K. will be revised to state: "A complaint may be made verbally to HR or in writing and must state the problem or action alleged to be discriminatory and the remedy or relief sought by the claimant. If made verbally, HR will memorialize the complaint in writing."

     h. Policy E05, section IV.P. will be revised to state: "Use of this Children's

1  procedure does not preclude a person from filing a complaint of discrimination on the basis of
2  disability with the U.S. Equal Employment Opportunity Commission, the California Department of
3  Fair Employment and Housing, or other applicable government agency at any time prior to or after
4  the filing of an internal complaint."

        2. Policy H05:  FITNESS TO WORK ASSESSMENT AND WORK RESTRICTION

        a. Policy H05 will be revised to state:  "When an employee is temporarily not able to perform his/her assigned duties fully but is willing and able to perform the essential functions of the job, the manager is expected to confer with the person needing the accommodation or refer the employee to the HR Generalist-ADA/LOA regarding available and appropriate reasonable accommodations and will provide such accommodations if the accommodation does not create undue hardship on the department and/or Hospital.  In general, an accommodation may be considered an undue hardship if it is unduly costly, extensive, substantial, disruptive, or would fundamentally change the essential functions of the job.  Undue hardship is determined on a case-by-case basis.  See Policy E05 ADA and FEHA Compliance. "

        b. Policy H05 paragraph 3 will be revised to state:  "Reasonable accommodation may be in the form of reduced workload, reduced or modified work hours, alternative work assignments or short or extended leaves of absence based on the recommendation of the employee's medical provider.  For more information regarding different types of accommodations, see Policy E05, section III.C. and D."

        c. Policy H05 paragraph 4, bullet point one, setting forth a fixed period for accommodations, will be deleted.

The last sentence of paragraph 4 will be revised to state: "Furthermore, managers must ensure that the employee's ability to perform his/her job with or without accommodation has been assessed by Employee Health and/or the HR Generalist-ADA/LOA and either clearance given or a reasonable accommodation provided by HR, prior to resuming work."

        d. Policy H05 paragraph 5, second sentence will be revised to state: "Regardless of the origin, Employee Health screens, validates and approves all work restrictions."

1               e. Policy H05 paragraph 6 will be revised to state: "Employees who are denied clearance to return to work by Employee Health have the right to consult with the HR Generalist – ADA/LOA to ensure that reasonable accommodations have been considered and that none are available."

                f. Policy H05 paragraph 7, fourth and fifth sentences will be revised to state: "Upon completion of the evaluation, Employee Health informs the employee's manager if the employee is capable of performing his/her job, able to work but may require certain restrictions or a reasonable accommodation as determined by the HR Generalist-ADA/LOA, or incapable of performing the assigned duties temporarily or permanently.  Based upon these findings, the manager is responsible for determining an appropriate course of action in conjunction with Employee Health and the HR Generalist-ADA/LOA (e.g., an assistive device or a reasonable accommodation) utilizing the interactive process whenever a reasonable accommodation is part of the evaluative process."

                g. Policy H05 paragraph 8, first sentence will be revised to state: "When an employee has a work restriction or has a disability that limits the performance of the essential functions of his/her assigned job, a decision regarding a reasonable accommodation will be made on a case-by-case basis by the manager, Employee Health and/or the HR Generalist-ADA/LOA using the interactive process as described in HR Policy.  E05: "ADA and FEHA Compliance."  The following sentence will be added after the second sentence:  "In general, an accommodation may be considered an undue hardship if it is unduly costly, extensive, substantial, disruptive, or would fundamentally change the essential functions of the job."  The following sentence will be added as the last sentence in this paragraph: "With respect to determining whether reassignment is a reasonable accommodation, the interactive process will include, as necessary, consultation with the Unions to determine whether reassignment is feasible without undue hardship."

       3. HR Policy L02:  Leaves of Absence

                a. HR Policy L02, section III.B. (Medical Disability Leave), paragraph 2 will be revised to state:  "If an employee's  medical provider  indicates that he or she will need an extended leave of absence in excess of six months, Children's will either grant the extension or

notify the employee of the interactive process required by the ADA and begin the interactive process within fifteen (15) business days. The HR Generalist-ADA/LOA will work with the employee and his/her medical provider or Employee Health, if necessary, to determine reasonable accommodations available as set forth in Policy E05 ADA and FEHA Compliance."

b. Policy L02, section III.C. (Pregnancy Disability Leave), paragraph 2 will be revised to state: "The maximum time off allowed for a pregnancy, without complications, is 7 months, which includes 4 months of Pregnancy Disability Leave followed by 12 workweeks of CFRA leave. Nevertheless, an employee may be entitled to additional medical leave if a pregnancy-related condition qualifies as a disability under the ADA."

4. Defendant submitted these proposed policies to the EEOC for its review and comments prior to Defendant's presentation of the revised policies to its Board for approval. The EEOC provided its response the following day. On December 12, 2014, Defendant's Board of Directors approved the requisite policies.

5. The policy language stated above within these policies shall not be revised during the duration of this Decree without first obtaining consent from the EEOC and providing the EEOC an opportunity to review and comment on any proposed revisions related to the ADA. It shall not be a violation of this Decree to change other language within Children's policies or to change the numbering of the sections within the policies affected by this Decree.

B. **Notifying Employees**

Within sixty (60) days after the entry of this Consent Decree, Defendant will send a letter to all of its employees advising them of their rights under the ADA and informing them how to request a reasonable accommodation. Defendant will provide a copy of this letter to the EEOC for review and consideration at least thirty (30) days before dissemination it to its employees, as required by Section VI.A. below. Plaintiff will provide its comments within seven (7) days.

C. **Training of Employees**

Defendant shall revise its on-line employee compliance training program to create an on-line ADA training module that includes instruction on issues related to discrimination based on disability, including Defendant's duty to provide reasonable accommodation with specific examples

of how the interactive process should work; a discussion of the various types of reasonable accommodations Defendant makes available to its employees, including scenarios providing extended leave of absence and reassignment to a vacant position as reasonable accommodations; how to complain internally if the employee believes he or she is being discriminated against because of his or her disability; that retaliation for requesting an accommodation or complaining about the accommodation provided violates the ADA and will not be tolerated by Defendant; and that the employee has the right to file a complaint with an outside agency such as the EEOC or DFEH.

  1. Defendant shall submit its on-line ADA training module for employees to the EEOC for its review and comments no later than ninety (90) days after entry of this Decree, as required by Section VI.C. below. The EEOC will provide feedback to Defendant within fourteen (14) days of receipt of the on-line ADA training module.

  2. Defendant will provide a live, ten-minute summary of the content from its on-line ADA training module to new employees during its regularly scheduled orientation program for new employees and new employees will thereafter review the on-line ADA training module.  Existing employees will be required to take the on-line ADA training module within nine (9) months of the entry of this Decree, unless they are on a leave of absence or otherwise unavailable to complete the training. Should an existing employee be unable to complete this mandatory training, Defendant will arrange an alternative time for the employee to review the on-line ADA training module upon his return to work and provide documentation of this alternative viewing to the EEOC as part of its reporting obligations as set in the next paragraph.

  3. Within nine (9) months after entry of this Decree, and every six (6) months thereafter for the duration of this Decree, Defendant will provide EEOC with a listing of each date Defendant held a new employee orientation program and the number of employees who participated in Defendant's on-line ADA training module, as required by Section VI.D. below.

  4. This on-line ADA training module shall not be revised during the duration of this Decree without first obtaining consent from the EEOC and providing the EEOC an opportunity to review and comment on any proposed revisions related to the ADA.

 D. **Training of Managers**

Defendant shall provide one round of mandatory in-person training for its managers on reasonable accommodation of disabilities. The purpose of the training will be to give participants a thorough understanding of discrimination issues, including but not limited to theories of liability under the ADA, including for retaliation, the duty to provide reasonable accommodation with specific examples of how the interactive process should work, how to handle requests for accommodation, and the employer's obligation to take preventive, investigative, and remedial action with respect to discrimination complaints, and to review company policies (including discipline policies) and practices related to discrimination, accommodation, and retaliation. The training will further inform each participant that he or she is responsible for knowing and complying with the reasonable accommodation provisions contained in HR Policy E05 on ADA and FEHA compliance and may be disciplined for non-compliance with that policy.

1. Defendant shall submit its training program for managers to the EEOC for its review and comments no later than ninety (90) days after entry of this Decree, as required by Section VI.C. The EEOC will provide feedback to Defendant within fourteen (14) days of receipt of the revised employee training program.

2. Within nine (9) months after the entry of this Decree, Defendant shall provide this mandatory training for its managers. Thereafter during the term of this Decree, managers will be required annually to take the ADA training offered to all employees.

3. All persons attending each mandatory ADA training shall sign an acknowledgment of his or her attendance at the training, the date thereof, and his or her position with the company. Defendant shall provide a copy of these acknowledgements to the EEOC within ten (10) months after the first such training during the first year of the Consent Decree and no later than thirty (30) days after each subsequent mandatory training throughout the duration of the Decree, as required by paragraph VI.F. below.

E. **Promoting Supervisor Accountability**

Managers in HR and Employee Health will be directed to bring any concerns about a supervisor's handling of the accommodation process to the Senior Director, Human Resources, who will work with appropriate managers to ensure compliance with this Decree and the policies on

accommodation of disabilities. As noted above, supervisors may be disciplined if they do not comply with the reasonable accommodation provisions contained in HR Policy E05 on ADA and FEHA compliance.

F. **Disclosing Information, Revising Basis for Termination and Expunging Records Regarding Charging Party's Employment**

Defendant will provide a neutral reference for Imelda Tamayo when requested by either Ms. Tamayo or employers with whom she has applied, whether the reference is verbal over the telephone or in writing. The reference should include her job title and a brief description of her job duties, her dates of employment, and her starting and ending rate of pay. Defendant shall not disclose in any way to any potential employer the fact that Ms. Tamayo filed two charges of discrimination and participated in a lawsuit against Defendant.

1. Within thirty (30) days of the entry of this Decree, Defendant shall also provide Ms. Tamayo with a letter including her job title and a brief description of her job duties, her dates of employment, and her starting and ending rate of pay and the fact that she is eligible for rehire on letterhead addressed "To Whom It May Concern" and undated so that Ms. Tamayo is able to make multiple copies of this neutral recommendation.

2. Defendant should keep a record of any references provided directly to employers, including the date the reference was requested, the name of the employer requesting the reference, the date the reference was given, the person who provided the reference and whether it was provided in writing or by telephone. Defendant shall provide a copy of this record to the EEOC within nine (9) months of the entry of this Consent Decree and every six (6) months thereafter for the duration of the Decree, as required by Section VI.E. below.

3. Within thirty (30) days of the entry of this Decree, Defendant shall remove from Ms. Tamayo's personnel file any notice that indicates that she is not eligible for rehire and any other references to her charges of discrimination against the Company and/or to this lawsuit, and shall retain such documents, if any, in sealed files separate and apart from all other personnel files.

4. Within thirty (30) days of the entry of this Decree, Defendant shall recharacterize Ms. Tamayo's reason for termination from "termination due to medical leave" to "resignation" so that Ms. Tamayo does not need to disclose the fact that she was disabled to future employers during the

recruitment and hiring process.

## IV. MONETARY RELIEF

A.  Defendant will cause to be paid to Imelda Tamayo a check in the amount of $300,000.00 (Three hundred thousand dollars and no cents) in full settlement of the discrimination claims in this lawsuit and the charge of discrimination she filed with the EEOC.  The payment will be reported on an IRS Form 1099.

B.  Defendant will not condition the receipt of individual relief on Ms. Tamayo's agreement to (a) maintain as confidential the terms of this decree, (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency, (c) release her rights under any law other than the ADA, or (d) waive her right to apply for a position with the Defendant.

C.  Defendant shall cause this payment and the IRS Form 1099 to be sent directly to Imelda Tamayo by certified mail, return receipt requested, to an address specified by the EEOC.  The payment will be made within twenty (20) days of the entry of this Consent Decree.  Defendant and will send a copy of the check within three (3) days after it is mailed to Counsel for Plaintiff EEOC.

## V. NOTICE

A. Within sixty (60) days after entry of this Decree, Defendant shall post for the duration of this Decree, in a prominent place frequented by its employees at its facilities, the notice attached as Exhibit A.  The notice shall be the same type, style, and size as Exhibit A.  Defendant shall certify to the EEOC in writing that the Notice has been posted and the location of the posting within ten (10) days of it being posted, as required by Section VI.B. below.

## VI. COMPLIANCE AND REPORTING

A. Within sixty (60) days of the entry of this Consent Decree, Defendant will provide the EEOC with a copy of the letter advising its employees of their rights under the ADA as required by Section III.B. above.

B. Within seventy (70) days of the entry of this Consent Decree, Defendant will provide notice to the EEOC that it has posted Exhibit A and the location of the posting, as required by Section V. above.

C. Within ninety (90) days of the entry of this Consent Decree, Defendant will provide

the following documents to the EEOC:  1) a copy of its on-line ADA training module for employees, as required by Section III.C.1. above, and 2) a copy of its ADA training program for managers for managers, as required by Section III.D.1. above.

      D.      Within nine (9) months of the entry of this Decree, and every six (6) months thereafter for the duration of this Decree, Defendant will provide the EEOC with a listing of each date Defendant held a new employee orientation program and the number of employees who participated in Defendant's on-line ADA training module for employees, as required by Section III.C.3. above.

      E.      Within nine (9) months of the entry of this Consent Decree, and every six (6) months thereafter, Defendant will provide the EEOC a copy of the record of employer referrals for Imelda Tamayo, as required by Section III.F.2. above.

      F.      Within ten (10) months of the entry of this Consent Decree, and no later than thirty days thirty (30) days after Defendant provides its mandatory in-person ADA training program for managers, Defendant will provide to the EEOC copies of the acknowledgments of attendance signed by the managers in attendance at these trainings, as required by Section III.D.3. above.

      G.      Within one (1) year after the entry of this Consent Decree, and every six (6) months thereafter until the expiration of the decree, Defendant will provide to counsel for the EEOC a report containing a summary of all requests for reasonable accommodation of disabilities received by Human Resources from employees and employment applicants.  This summary shall contain the date of the request, a brief description of each request for accommodation, and a statement as to each as to the response and resolution of such request.  For requests for accommodations, the summary shall include a description of the accommodation sought, any alternative accommodations offered and, if the request was denied, an explanation as to the reasons for the denial.  In the case of the denial of a requested accommodation during the first reporting period pursuant to this paragraph, Defendant shall also provide copies of the documents generated as part of the request and Defendant's resolution of such request.  During subsequent reporting periods, Defendant need only provide copies of the documents  related to Defendant's denial of a requested accommodation if requested to do so by the EEOC.

1  **H.**     All documents or information required to be submitted by Defendant to the EEOC under the terms of this Consent Decree shall be sent to Debra A. Smith, Trial Attorney, EEOC, 450 Golden Gate Ave., 5th Floor West, P. O. Box 36025, San Francisco, CA  94102.

**VI. EXPIRATION OF CONSENT DECREE AND CONTINUED JURISDICTION**

A.     This Consent Decree shall expire three (3) years after its entry by the Court.

B.     If Plaintiff EEOC determines that Defendant has not complied with the Consent Decree, it will provide written notification of the alleged breach to Defendant and will not petition the Court for enforcement sooner than sixty (60) days after providing written notification.  The sixty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue.  If Plaintiff petitions the Court and the Court finds Defendant to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree.

C.     This Court shall retain jurisdiction over this action for the purposes of enforcing the provisions of this Consent Decree.

On behalf of Plaintiff:                                              On behalf of Defendant:

_____/s/  Debra A. Smith_____                        _____/s/ Sarah E. Robertson_____

WILLIAM R. TAMAYO                                    SARAH ROBERTSON
Regional Attorney                                              ATTORNEY FOR DEFENDANT
EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION

MARCIA MITCHELL
Supervisory Trial Attorney
EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION

DEBRA A. SMITH
Trial Attorney
EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION

IT IS SO ORDERED:

Executed this __10__ day of February, 2015 ~~2014~~.

IT IS SO ORDERED

_Judge Edward M. Chen_

_____
EDWARD M. CHEN
United States District Court

# NOTICE TO EMPLOYEES

The U.S. Equal Employment Opportunity Commission (EEOC), on behalf of Imelda Tamayo, and Children's Hospital and Research Center (Children's Hospital) have successfully resolved a disability discrimination and retaliation lawsuit (EEOC v. Children's Hospital, No. C13-05715 EMC)(N.D.CA). Judge Edward Chen approved the Consent Decree and this Notice.

The American With Disabilities Act (ADA) makes it unlawful for any covered employer to discriminate against any employee or applicant for employment because of a disability, subject them to harassment because of their disability, or retaliate against anyone who complains of discriminatory practices or who participates in the investigation of a complaint or charge of discriminatory practices. The ADA also requires an employer to provide a reasonable accommodation to assist a qualified individual perform the essential duties of his or her job unless providing the accommodation would cause the employer undue hardship.

Children's Hospital respects the right of its employees and applicants for employment to work in an environment free from discrimination and affirms the following "Statement of Zero-Tolerance Policy and Equality Objectives": Children's Hospital is committed to maintaining a zero-tolerance policy concerning unlawful discrimination, harassment and retaliation, to swiftly responding to any such acts of which it becomes aware; to imposing appropriate discipline designed to deter future acts of discrimination, harassment or retaliation; and to actively monitoring its workplace to ensure tolerance, respect and dignity for all employees.

Any employee who feels that he or she has been the subject of discrimination, harassment or retaliation should bring it immediately to the attention of his or her supervisor or to the Human Resources Manager. No Company official will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

The EEOC enforces the federal laws prohibiting employment discrimination. More information about the EEOC is available at www.eeoc.gov or (800) 669-4000. The nearest EEOC office is in Oakland at 1301 Clay Street, Suite 1170-N.

DATED: _____       _____
                                    [Job Title], Children's Hospital